UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OLUBUKUNOLA OSINUBEPI-ALAO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-1111 (RBW) |
| PLAINVIEW FINANCIAL SERVICES, LTD., <u>et al.</u>, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

The plaintiff, Olubukunola Osinubepi-Alao ("Alao"), brings this action against Plainview Financial Services, Ltd. ("Plainview"); Herbert A. Rosenthal, Chartered ("HARC"); and two individuals, Herbert A. Rosenthal and Kevin Eddis, asserting claims for violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2012); (2) the District of Columbia Debt Collection Practices Act, D.C. Code § 28-3801–3819 (2012); and (3) the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901–3913 (2012); and also a claim for (4) malicious prosecution or abuse of process. See Amended Complaint ("Am. Compl.") ¶¶ 81–120. Currently before the Court is Defendant Plainview Financial Services, Ltd. and Herbert A. Rosenthal, Chartered's Motion to Dismiss [the] Complaint ("Motion to Dismiss").[1] Upon careful consideration of the parties' submissions,[2] the Court concludes that for the following

---

[1] Individual defendants Herbert A. Rosenthal and Kevin Eddis have not joined this motion nor have they filed any answer to the plaintiff's amended complaint.

[2] In addition to the filings already referenced, the Court considered the following filings in rendering its decision: (1) the defendants' Brief in Support of Plainview Financial Services, Ltd. and Herbert A. Rosenthal, Chartered's Motion to Dismiss Complaint ("Defs.' Mem."); (2) the plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp'n"); and defendants Plainview Financial Services, Ltd. and Herbert A. Rosenthal, Chartered's Reply Brief Supporting Its Motion to Dismiss Complaint ("Defs.' Reply").

1

reasons it will grant in part and deny in part Defendant Plainview Financial Services, LTD. and Herbert A. Rosenthal, Chartered's Motion to Dismiss [the] Complaint.

## I. BACKGROUND

The amended complaint contains the following allegations pertinent to the defendants' motion which, for the purposes of this opinion, the Court must accept as true. The defendants, Plainview and HARC, are Maryland corporations, Am. Compl. ¶¶ 5–6, "in the business of junk debt purchasing and debt collection in the District of Columbia," id. ¶ 5; see also id. ¶ 6. "HARC is also a law firm that practices in the District of Columbia." Id. ¶ 6. "[Herbert A.] Rosenthal . . . and Kevin Eddis are responsible for making all decisions for both HARC and Plainview, including whether to purchase debt portfolios and whether to initiate litigation." Id. ¶ 13. Furthermore, "[Herbert A.] Rosenthal is Plainview's President and sole shareholder," as well as "the president of HARC." Id. ¶ 12. HARC "use[s] the Plainview entity to create the appearance of legitimacy for [its] business practice of purchasing junk debt and filing lawsuits to collect [junk] debt[] [purchased by Plainview] through the courts." Id. ¶ 21. "Plainview is the alter ego of . . . HARC," and therefore "[a]ll actions [the plaintiff] ascribe[s] to Plainview are performed by HARC personnel." Id. ¶¶ 11, 15.

On June 30, 2011, the defendants "allegedly purchased the [plaintiff's Chase Bank USA, N.A. credit card debt] as a distressed debt."[3] Id. ¶ 32. "The alleged debt was primarily incurred [by the plaintiff] for personal, family[,] or household purposes." Id. ¶ 25. Included in the purported debt were assessments resulting from "fraudulent charges and unauthorized use" of the plaintiff's credit card. Id. ¶ 26. On October 4, 2011, the defendants filed a collection suit against

---

[3] The alleged debt obligation at issue was originally owed to Chase Bank and was subsequently sold in the following succession: from Chase to Turtle Creek Assets, Ltd., to Pasadena Receivables, Inc., and finally to Plainview. Id. ¶¶ 31–39.

2

the plaintiff in the Superior Court of the District of Columbia ("Superior Court") seeking payment of $12,582.20 along with a twenty-four percent interest assessment plus attorneys' fees in the amount of twenty percent of the balance owed ("Superior Court litigation"). Id. ¶¶ 42–43. When the defendants initiated the Superior Court litigation, "[they had] not obtain[ed] account statements or undertake[n] other due diligence to determine whether there was unauthorized use on [the plaintiff's] account," nor did they "do anything to verify the accuracy of the [spreadsheet accounting for the plaintiff's debt] provided" to the defendant by a previous creditor. Id. ¶¶ 40–41. Service of process in the Superior Court litigation was effected on the plaintiff on October 30, 2011. Id. ¶ 55.

During the Superior Court litigation, Plainview submitted "an unsigned verification to the [c]omplaint by Herbert A. Rosenthal,"[4] an affidavit of indebtedness signed by Kevin Eddis[5] asserting that he is the "Collection Manager and Authorized Representative of Plainview Financial Services," and a credit card member agreement as support for the attorneys' fees claim. See id. ¶¶ 44–49. The affidavit asserts facts about which the defendants do not have personal knowledge, and the credit card member agreement submitted in the Superior Court litigation does not govern the plaintiff's Chase Bank account.[6] See id. ¶¶ 66–67. On August 9, 2012,

---

[4] "Herbert A. Rosenthal . . . is an individual attorney in the business of debt collection as well as the practice of law in the District of Columbia." Am. Compl. ¶ 8. He is a named defendant in this case, but at the time defendants Plainview and HARC's filed their motion to dismiss, Rosenthal had not been served with process in this case. See Defs.' Mem. at 1 n.1.

[5] "Kevin Eddis . . . is an individual employed by HARC as a paralegal and collection manager." Am. Compl. ¶ 9. He is a named defendant in this case, but at the time defendants Plainview and HARC filed their motion, Kevin Eddis had also not been served with process in this case. See Defs.' Mem at 1 n.1.

[6] The plaintiff's amended complaint states that "Rosenthal's affidavit purports to represent facts pertaining to the alleged debt within the personal knowledge of Rosenthal." Am. Compl. ¶ 66. It is unclear if the plaintiff is referring to the "unsigned verification to the [c]omplaint by Herbert A. Rosenthal," id. ¶ 44, or the "affidavit of indebtedness signed by Kevin Eddis," id. ¶ 45. However, because neither Rosenthal nor Eddis is a movant on the pending motion, and the plaintiff's amended complaint adequately pleads that "[a]ll actions ascribed to Plainview are performed by HARC personnel," for the purpose of resolving their motion to dismiss the Court construes the affidavit as having been submitted on behalf of both HARC and Plainview. See id. ¶¶ 8–9, 13, 15.

based on the defendants' representations, a Superior Court magistrate judge entered judgment in favor of Plainview for $12,582.20 plus post judgment interest at the rate of six percent. Id. ¶ 61. "On August 16, 2012, [the plaintiff] filed a pro se motion for [an] extension to file a motion for judicial review, which was granted on August 21, 2012." Id. ¶ 63. "On August 29, 2012, Plainview filed a writ of attachment on [the plaintiff's] wages, salary, and commission." Id. ¶ 62. The plaintiff subsequently "retained counsel and . . . filed a motion for judicial review [of the Superior Court litigation] on or about September 12, 2012," id. ¶ 63, which was granted on December 20, 2012, id. ¶ 64. "On January 2, 2013, the [Superior C]ourt entered an order reversing the magistrate judge's evidentiary rulings on a plain error basis and vacated the judgment in its entirety, stayed the writ of attachment, and remanded the case for a new trial." Id. After the plaintiff served written discovery on the defendants, they "moved to dismiss the lawsuit against [the plaintiff] with prejudice." Id. ¶ 65.

The plaintiff initiated this action on July 19, 2013, and she subsequently filed an amended complaint on July 23, 2013, which was identical to the complaint filed on July 19, 2013, other than providing the correct addresses for each of the defendants. Compare Compl., with Am. Compl. The amended complaint contains four counts. Count I asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, alleging that the defendants used false, deceptive, or misleading tactics to collect the alleged debt, misrepresented themselves, and attempted to collect an alleged debt and attorneys' fees that they were not authorized to receive. Am. Compl. ¶¶ 86–95. Count II asserts a claim under the District of Columbia Debt Collection Practices Act, D.C. Code § 28-3814, alleging that the defendants used fraudulent, deceptive, or misleading means to collect the debt, and attempted to collect costs not expressly authorized by the underlying credit agreement. Id. ¶¶ 100–03. Count III asserts a claim under the District of

Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, alleging that the defendants engaged in unfair trade practices by misrepresenting material facts. See id. ¶¶ 106–12. And Count IV, asserts claims of malicious prosecution and abuse of process based on the defendants filing of the Superior Court proceedings and their conduct during those proceedings. See id. ¶¶ 114–20. The plaintiff seeks compensatory and punitive damages, along with other forms of relief. See id. Prayer for Relief, A–I.

The defendants have now moved for a dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff has failed to state any claims upon which relief may be granted. See generally Defs.' Mem.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations are not entitled to the assumption of truth." Id. at 679. In evaluating a Rule 12(b)(6) motion under this framework, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks and citations omitted), and the Court "may

5

consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice," EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted).

### III. ANALYSIS

#### A. The Plaintiff's Federal Fair Debt Collection Practices Act Claim

Count I of the plaintiff's complaint alleges that the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by using false, deceptive, or misleading tactics to collect the alleged debt, misrepresenting themselves, and attempting to collect a debt and attorneys' fees which they were not authorized to receive. Am. Compl. ¶¶ 86–95. "The Fair Debt Collection Practices Act is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices," and it "authorizes any aggrieved person to recover damages from 'any debt collector who fails to comply with any provision' of the [Act]." Marx v. General Revenue Corp., ___ U.S. ___, ___, 133 S. Ct. 1166, 1171 n.1, (2013) (internal citations omitted). The defendants seek dismissal of this claim on the ground that it is time-barred. Defs.' Mem. at 7–8.

"An action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k)(d). "For statute-of-limitations purposes, discrete violations of the [Fair Debt Collection Practices Act] should be analyzed on an individual basis." Solomon v. HSBC Mortg. Corp., 395 F. App'x 494, 497 (10th Cir. 2010); accord Purnell v. Arrow Fin. Servs., LLC, 303 F. App'x 297, 301–02 (6th Cir. 2008) (finding that claims were not barred by the statute of limitations because they were discrete claims); Jones v. Baugher, 689 F. Supp. 2d 825, 829–30 (W.D. Va. 2010) (reading the complaint liberally and finding two distinct violations).

6

"Because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996); see also Turner v. Afro-American Newspaper Co., 572 F. Supp. 2d 71, 72 (D.D.C. 2008) ("A court should grant a pre-discovery motion to dismiss on limitations grounds only if the complaint on its face is conclusively time-barred, and the parties do not dispute when the limitations period began." (internal citation and quotation makes omitted) (emphasis added)). Therefore, "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint," id. (citing Richards v. Mileski, 662 F.2d 65, 73 (D.C. Cir. 1981); Jones v. Rogers Mem'l Hosp., 442 F.2d 773, 775 (D.C. Cir. 1971)), and "dismissal with prejudice should be granted only when the trial court determines that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,'" Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985) (quoting Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)).

The defendants argue that any alleged violation of the Fair Debt Collection Practices Act is time-barred because any violation of the statutes commenced on October 30, 2011, when the plaintiff "was served with [process in] the [Superior Court litigation] . . . that contained the alleged false statements and improper claims upon which her lawsuit is based,"[7] Def.'s Mem. at 7, and it is an "accepted principle that the ongoing prosecution of a[] [Fair Debt Collection Practices Act] lawsuit does not extend the one year statute of limitations," id. at 8. Thus, the defendants argue that the plaintiff's claims expired on October 30, 2012, and that her July 19,

---

[7] Although the defendants assert that the statute of limitations could be "measured from [either] the date of [their] filing [the Superior Court litigation] or the date of [the plaintiff's] service" of that lawsuit, Def.'s Mem. at 8, in their motion to dismiss they only advance the theory that the statute of limitations commenced on October 30, 2011, when the plaintiff was "served with the collection lawsuit," id. at 7; see also Defs.' Reply at 7–8. Therefore the Court only considers whether the statute of limitations expired on October 30, 2012, one year after the plaintiff was served with process.

7

2013 filing of this case was nine months too late. Id. 7–8. The plaintiff counters that she "has alleged that [the d]efendants engaged in conduct violating the [Fair Debt Collection Practices Act] within the one-year statute of limitations, and [therefore] dismissal is inappropriate at this stage because no limitations bar is clearly revealed on the face of the complaint." Pl.'s Mem. at 7. The plaintiff further asserts that "'the nature of the [Fair Debt Collection Practices Act] makes it possible that violations occur[] in addition to the filing of the lawsuit,' including conduct during the lawsuit," id. (emphasis in original) (citing Matthews v. Capital One Bank, No. 1:07-cv-1220, 2008 WL 4724277, at *3 (S.D. Ind. Oct. 24, 2008)), and specifically points to the fact that she has alleged "several [Fair Debt Collection Practices Act] violations subsequent to the initiation of the debt collection within the applicable limitations period, including, for example: . . . [i]nitiating a wage garnishment action against [the plaintiff] on August 29, 2012," id.; see Am. Compl. ¶ 62.

As an initial matter, the Court notes that the Superior Court docket entry for August 9, 2012, in the Superior Court litigation explicitly states that "[the Superior Court litigation] is closed." See Plainview Fin. Servs., Ltd. v. Osinupebi-Alao, No. 11-7901 (D.C. Aug. 9, 2012 docket entry labeled "Event Resulted"). However, even if listing the case as "closed" on the docket did not terminate the Superior Court litigation for the purposes of the Fair Debt Collection Practices Act, courts have found that the act of placing a lien on a debtor's property is its own separate and discrete violation of the Fair Debt Collection Practices Act commencing a separate statute of limitations calculation. See Fontell v. Hassett, 870 F. Supp. 2d 395, 404-05 (D. Md. 2012). This is because "it makes sense that the limitations period would begin at the time the lien was placed on [the p]laintiff's property, since this was the definitive action taken by [the d]efendants that is alleged to constitute an abusive debt collection practice." Id.

8

With this in mind, and construing the complaint in the light most favorable to the plaintiff, the Court cannot agree with the defendants that it can conclude from the face of the plaintiff's complaint that her Fair Debt Collection Practices Act claim is conclusively time barred. In fact, the plaintiff has alleged facts that potentially constitute a renewed violation of the Fair Debt Collection Practices Act within one year of her July 19, 2013 filing of this action. See Am. Compl. ¶ 62 (alleging that on August 29, 2012, "Plainview filed a writ of attachment on [her] wages, salary, and commission."). As pleaded, even if the Superior Court litigation was still ongoing as the defendants assert, the plaintiff has alleged that the defendants took a legal action to collect the debt within the one year limitations period by filing the writ of attachment. See Fontell, 870 F. Supp. 2d at 404 (finding two distinct violations of the Fair Debt Collection Practices Act arising from the same collection efforts).

Because dismissal is only appropriate where the complaint, on its face, is time barred, and since the Court finds that the plaintiff's Fair Debt Collection Practices Act claim, as pleaded, is not conclusively time-barred, the Court must deny the defendants' motion to dismiss. Mazza v. Verizon Washington DC, Inc., 852 F. Supp. 2d 28, 36–37 (D.D.C. 2012) (declining to dismiss a Fair Debt Collection Practices Act claim because there was no agreement that the statute of limitations had expired and the plaintiff had alleged violations that implicated the Act within one year of when his complaint was filed).

**B.     The Plaintiff's District of Columbia Debt Collection Practices Act Claim**

Count II of the plaintiff's complaint alleges that the defendants violated the District of Columbia Debt Collection Practices Act ("Debt Collection Practices Act"), D.C. Code § 28-3801–3819, by using fraudulent, deceptive, or misleading tactics to collect the debt, as well as attempting to collect costs not expressly authorized by the cardholder agreement. Am. Compl.

9

¶¶ 100–03. The defendants do not contest the adequacy of the plaintiff's complaint, but simply assert that the "litigation privilege doctrine" provides an absolute defense to the plaintiff's Debt Collection Practices Act claim. Defs.' Mem. at 8–12. In the District of Columbia, this doctrine provides that "[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course of and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Id. (citing McBride v. Pizza Hut, Inc., 658 A.2d 205, 207–08 (D.C. 1995) (quoting the Restatement (Second) of Torts § 586 (1977))). For the privilege to apply, two requirements must be satisfied: first, the purported false or defamatory statement must have been made during the course of, or preliminary to, a judicial proceeding; and second, the statement must be related in some way to the underlying judicial proceeding. Arneja v. Gildar, 541 A.2d 621, 623 (DC. 1988). Recognizing that the litigation privilege doctrine has been applied in the District of Columbia only in the common law defamation context, the defendants invite this Court to expand its application to include other common law and statutory claims—specifically, the Debt Collection Practice Act. Defs.'s Mem. at 10–12. For the reasons discussed below, the Court declines this invitation.

Because neither the District of Columbia Council nor the District of Columbia Court of Appeals has yet to specifically address this issue, this Court is "required to predict what the District of Columbia's highest court would conclude if presented with this question." 325–343 E. 56th Street Corp. v. Mobil Oil Corp., 906 F. Supp. 669, 676 (D.D.C. 1995) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). This predictive assessment does not give the Court carte blanche to create or modify existing state law. See Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991) (citing United Parcel Serv., Inc. v.

Weben Indus., Inc., 794 F.2d 1005, 1008 (5th Cir. 1986) ("When making an Erie-guess, in the absence of explicit guidance from the state court, [a court] must attempt to predict the applicable state law, not create or modify it." (emphasis added))). This Court declines to broaden the application of the District of Columbia's litigation privilege doctrine to include the Debt Collection Practices Act, especially under circumstances such as these where the adequacy of the plaintiff's complaint as to her Debt Collection Practices Act claim has not otherwise been challenged. Therefore the defendants' motion to dismiss the plaintiff's District of Columbia Debt Collection Practices Act claim is denied.

**C.      The Plaintiff's District of Columbia Consumer Protection Procedures Act Claim**

Count III of the plaintiff's complaint alleges that the defendants violated the District of Columbia Consumer Protection Procedures Act ("Consumer Protection Procedures Act"), D.C. Code § 28-3901–3913, by engaging in unfair trade practices in the form of misrepresenting material facts. Am. Compl. ¶¶ 107–12. "The purpose of the Consumer Protection Procedure Act is to protect consumers from a broad spectrum of unscrupulous practices by merchants, . . . [and] the statute should be read broadly to assure that [its] purposes are carried out." Solomon v. Falcone, 791 F. Supp. 2d 184, 190 (D.D.C. 2011) (quoting Modern Mgmt. Co. v. Wilson, 997 A.2d 37, 62 (D.C. 2010)). The Consumer Protection Procedure Act applies to merchants "who sell[] consumer credit as well as those entities which take an assignment of the credit account and continue the extension of credit to the consumer." Jackson v. Culinary Sch. of Wash., 788 F. Supp. 1233, 1253 (D.D.C. 1992) (citing D.C. Code § 28-3901(a)(3), (7)). A merchant is engaged in a "trade practice" if it participates in "any act which does or would . . . furnish, make available, . . . or, directly or indirectly, solicit or offer for or effectuate, a sale, lease or transfer, of [consumer credit]." D.C. Code § 28-3901(a)(6), (7).

The defendants argue that they are not liable under the Act because "[t]he plain and unambiguous definition of 'trade practice' does not encompass the act of collecting a debt by an entity that acquired the obligation after default nor does it include efforts by a licensed attorney to collect the debt through litigation."  Defs.' Mem. at 13 (quoting and citing the D.C. Code § 28-3901(a)(6)).  The defendants further contend that "Plainview acquired [the plaintiff's] debt after default and was not engaged in continuing to extend credit to her."  Defs.' Reply at 10.  The Court concurs with the defendants that nothing in the plaintiff's complaint plausibly asserts that they were "entities which [took] an assignment of [her] credit," Jackson, 788 F. Supp. at 1253, and then subsequently "furnishe[d], [or] ma[de] available, . . . [consumer credit]," D.C. Code § 28-3901(a)(6), (7).

Despite the broad interpretation the Court is required to apply to the Consumer Protection Procedure Act, even painting the plaintiff's complaint with the broadest of strokes, her complaint fails.  Nowhere does the plaintiff even hint that the defendants met the previously discussed requirements to be recognized as "merchants" nor is it alleged that the defendants were engaged in a recognized "trade practice" of either extending her credit or alternatively by selling any unrecovered debt to another debt collector.  See D.C. Code § 28-3901(a)(6), (7) (defining a "trade practice" as "any act which . . . effectuate[s] a sale . . . or transfer of [consumer credit]").  The plaintiff's complaint does not adequately plead that the defendants' debt collection practices fall within the purview of the District of Columbia Consumer Protection Act and therefore, the Court must grant the defendants' motion to dismiss Count III of the plaintiff's complaint.

**D.      The Plaintiff's Malicious Prosecution and Abuse of Process Claims**

The defendants move to dismiss the plaintiff's common law malicious prosecution and abuse of process claims on the grounds that both claims fail on the merits.  See Defs.' Mem. at

12

16–18; Defs.' Reply at 10.  Although the plaintiff's fourth claim for relief raises both malicious prosecution and abuse of process as a single claim, the Court addresses them separately.  See Am. Compl. ¶¶ 114–120.

   1. **The Plaintiff's Malicious Prosecution Claim**

Under District of Columbia law, malicious prosecution requires a showing of five elements: that there was a "prosecution of a civil or criminal action, maliciously, and without probable cause, which terminated in favor of the defendant, which caused the . . . seizure of the property of the defendant, or a special injury to the defendant which would not necessarily result in suits prosecuted to recover for like causes of action."  Weisman v. Middleton, 390 A.2d 996, 1002 (D.C. 1978).  The defendants' only challenge to the plaintiff's malicious prosecution claim is that there was no probable cause to file their debt collection action against the plaintiff.  See Defs.' Mem. at 17.

The complaint alleges that the defendants knew they were submitting deceptive documents in the Superior Court litigation in an attempt to collect a debt from the plaintiff knowing they were not authorized to collect the debt or the related attorneys' fees.  Am. Compl. ¶¶ 66–80, 117.  Furthermore, the complaint alleges the defendants misrepresented the amount of debt the plaintiff owed when Plainview filed the Superior Court litigation.  Id. ¶¶ 37–42, 70.  These allegations, which must be accepted as true, are sufficient to plausibly demonstrate that the Superior Court litigation was filed with malice, id. ¶¶ 66–80, 117, and that the case was pursued without probable cause, id. ¶¶ 39–41, 116.  Moreover, the Superior Court litigation was terminated in favor of the plaintiff (then defendant) after Plainview ultimately dismissed its action with prejudice.  Id. ¶¶ 64–65, 119.  Finally, facts are adequately alleged to plausibly show that the Superior Court litigation caused a "seizure of the property of [Ms. Osinubepi-Alao], or a

13

special injury to [her]," Weisman, 390 A.2d at 1002, that would not have resulted in a like action. The plaintiff further alleges wrongful garnishment of her wages and plausibly alleges other injuries as a result of "defending unwarranted and illegal collection lawsuits." Am. Compl. ¶¶ 75, 97, 118. These allegations adequately plead a claim of malicious prosecution.

### 2. The Plaintiff's Abuse of Process Claim

An abuse of process claim requires a showing of two elements: first, an ulterior motive, and second, "that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980). In other words, "[t]he critical concern in abuse of process cases is whether process was used to accomplish an end unintended by law, and whether the suit was instituted to achieve a result not regularly or legally obtainable." Id. The defendants argue that "[t]he [p]laintiff has not alleged either of the requisite elements for abuse of process, i.e., the existence of an ulterior motive beyond the regular use of the process and/or an act in the use of the process other than such as would be proper and the regular prosecution of the lawsuit." Defs.' Mem. at 16.

Construing the facts in favor of the plaintiff, if as the plaintiff alleges, the defendants submitted deceptive documents to the Superior Court in an attempt to collect a debt they knew they were not owed, that would establish that the defendants acted with the ulterior motive of collecting the debt and attorneys' fees, an end which would not be otherwise legally obtainable. Morowitz, 423 A.2d at 198–99. Under the standard that governs dismissal under Rule 12(b)(6), the plaintiff has pleaded "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677–78 (quoting Twombly, 550 U.S. at 570). Therefore, the Court cannot dismiss the plaintiff's abuse of process claims.

14

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant Plainview Financial Services, LTD. and Herbert A. Rosenthal, Chartered's Motion to Dismiss [the] Complaint as to Counts I, II, and IV of the plaintiff's complaint, and grants Defendant Plainview Financial Services, LTD. and Herbert A. Rosenthal, Chartered's Motion to Dismiss [the] Complaint as to Count III of the plaintiff's complaint.[8]

**SO ORDERED** this 29th day of May, 2014.

REGGIE B. WALTON
United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.